UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re:

The Young Men's Christian Association
of Metropolitan Milwaukee, Inc.

    Debtor.

Case No. 14-27174-svk

(Chapter 11)

---

In re:

YMCA Youth Leadership Academy, Inc.,

    Debtor.

Case No. 14-27175-svk
(Chapter 11)

---

**DEBTORS' MOTION FOR JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES**

---

The Young Men's Christian Association of Metropolitan Milwaukee, Inc. (the "Milwaukee Y") and YMCA Youth Leadership Academy, Inc. ("YLA") (together, the "Debtors"), submit this motion (this "Motion") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules") for the entry of an order authorizing and directing the joint administration of the Debtors' related Chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors state as follows:

**Jurisdiction and Background**

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Mark L. Metz
Olivier H. Reiher
Leverson & Metz S.C.
225 E. Mason St., Suite 100
Milwaukee, WI  53202
414-271-8502 (direct)
414-271-8504 (fax)
mlm@levmetz.com

2. On June 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code").

3. The Debtors remain in possession of their estates and are operating and managing their businesses as debtors-in-possession, pursuant to §§ 1107 and 1108 of the Code.

4. The YMCA is the nation's leading nonprofit committed to strengthening communities through youth development, healthy living and social responsibility. For more detail on the factual background of the Debtors, their operations, and the events leading up to the Petition Date, parties are referred to the *Affidavit of Julie A. Tolan Providing Background Information in Support of First-Day Motions*, hereby incorporated by reference.

## Summary of Relief Requested and Supporting Reasons

5. By this Motion, the Debtors seek entry of an order directing the joint administration of their separate Chapter 11 cases and the consolidation thereof for procedural purposes only.

6. The Debtors request that the caption of their Chapter 11 cases be modified to reflect the joint administration of these Chapter 11 cases substantially as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | |
| The Young Men's Christian Association of Metropolitan Milwaukee, Inc., *et al.*, | Case No. 14-27174-svk (Jointly Administered) |
| Debtors. | (Chapter 11) |

7. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to that appearing on the top of next page be entered on the docket for each of the Debtors, to reflect the joint administration of these cases:

> An order (the "Joint Administration Order) has been entered in this case directing the joint administration of the Chapter 11 cases listed below. The docket in case no. 14-27174-svk should be consulted for all matters affecting this case. The following cases are jointly administered pursuant to the Joint Administration Order:
>
> The Young Men's Christian Association of Metropolitan Milwaukee, Inc., Case No. 14-27174-svk; and
> YMCA Youth Leadership Academy, Inc., Case No. 14-27175-svk.

8. The Debtors also request that they be authorized to file consolidated monthly operating reports as required by the U.S. Trustee Guidelines.

9. Finally, the Debtors request that a combined service list as outlined in their Motion to Establish General Notice Procedures and Limit Notice be used for the jointly administered cases and that combined notices be sent to the creditors of the Debtors' estates.

### Basis for Relief

10. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order a joint administration of the estates.

11. Joint administration of these Chapter 11 cases is warranted because (a) the Debtors are "affiliates" within the meaning of § 101(2) of the Code, (b) dealing with these two cases jointly will ease the administrative burden on the Court and other parties, and (c) joint administration will enable the Debtors to reduce and save on the expenses of running two concurrent and related cases, and therefore preserve assets for the Debtors' mission and creditors.

12. Joint administration of these two cases is further appropriate because each Debtor operates as part of a single enterprise. The Milwaukee Y is the sole owner of YLA, the Debtors are under common management; they routinely prepare combined financial statements; they share

a core mission; YLA operates solely at a facility owned by the Milwaukee Y; and they have creditors and other parties in interest in common. For a more complete description of the relationship between the two Debtors, see the *Affidavit of Julie A. Tolan in Support of Motion for Joint Administration,* attached as *Exhibit A*.

13. The Debtors anticipate that many motions, applications, notices, and other pleadings, as well as most hearings, will affect both Debtors. Without joint administration of these cases, the Debtors would be required to create numerous duplicative pleadings for a variety of issues, and the Court would find itself holding separate hearings on essentially identical matters.

14. Jointly administering these related cases would prevent the duplication of effort and unnecessary fees or costs on the part of each Debtor, the U.S. Trustee, any creditors' committee, and any other parties in interest, all of whom would have to monitor only one docket. The filing of consolidated monthly operating reports would likewise create economies and efficiencies in these cases without prejudicing any party-in-interest.

15. The rights of the respective creditors of the Debtors will not be adversely affected by the joint administration of these cases because the relief sought is purely procedural and would not, without further order of the Court, result in substantive consolidation of the Debtors' estates or otherwise alter the particular rights of each of the Debtors' creditors.

16. The Debtors believe that it would be in the best interest of the Debtors, their estates, all creditors and judicial economy, to have their Chapter 11 cases jointly administered for procedural purposes.

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) authorizing and the joint administration of the Debtors' cases, (b) directing use of the caption and entry of

docket notations as described above, and (c) authorizing the Debtors to file consolidated monthly operating reports.

Dated this 4th day of June, 2014.

LEVERSON & METZ S.C.

/s/      Mark L. Metz
Mark L. Metz
Olivier H. Reiher
Attorneys for The Young Men's Christian
Association of Metropolitan Milwaukee, Inc.
 -and- YMCA Youth Leadership Academy, Inc.
225 E. Mason Street, Suite 100
Milwaukee, WI  53202
(414) 271-8502 (direct)
(414) 271-8504 (fax)