UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

The Young Men's Christian Association
of Metropolitan Milwaukee, Inc.

Case No. 14-27174-svk

(Chapter 11)

Debtor.

## DEBTOR'S MOTION FOR AUTHORITY TO SELL VACANT LAND FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, PURSUANT TO 11 U.S.C. § 363

The Young Men's Christian Association of Metropolitan Milwaukee, Inc. (the "Debtor"), submits this motion (this "Motion"), pursuant section 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"), for an order authorizing the Debtor to sell certain vacant land free and clear of liens. In support of this Motion, the Debtor states as follows.

### <u>Jurisdiction and General Background</u>

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      On June 4, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Code.

3.      The Debtor remains in possession of its estate and is operating and managing its business as a debtor-in-possession, pursuant to §§ 1107 and 1108 of the Code.

Paul A. Lucey
Olivier H. Reiher
Leverson Lucey & Metz S.C.
3030 W. Highland Blvd
Milwaukee, WI 53208
414-539-4266 (direct)
414-271-8504 (fax)
pal@levmetz.com

4.      As previously disclosed, the Debtor has developed a restructuring plan that calls for the sale of a majority of its owned real estate assets, resulting in a much smaller, more focused urban footprint.

5.      Pursuant to its restructuring plan, the Debtor now seeks authority to sell vacant land located at 7333 South 27th Street in the City of Franklin, County of Milwaukee, Wisconsin (the "Land").  The Debtor has received an offer to purchase the Land from 2014-27th Street Acquisition, LLC ("SA"), the terms of which are summarized below.  The Debtor submits that the offer represents, in the Debtor's best business judgment, reasonable value for the Land and will relieve the Debtor's estate of certain collateral costs.

### Description of Sale Terms.

6.      The essential terms of the Offer are as follows:

(a)      *Assets Included*.  SA is buying all of the Land, as further described in the Offer to Purchase attached as <u>Exhibit A</u>, together with any improvements, pylon signs and other signage, fixtures, and equipment situated thereupon;

(b)      *Purchase Price*.  SA will pay $1,330,000 for the Land.

(c)      *Condition*.  The Land is being sold "AS IS" as to condition.

(d)      *Contingencies*.  The Sale Agreement identifies 11 contingencies which, if not satisfied, would allow SA as buyer to terminate the deal.  These include conducting an environmental audit and inspection; approving copies of all contracts affecting the Land; receiving a satisfactory survey; obtaining all necessary permits; obtaining satisfactory evidence that the Land is not located in a floodplain or a wetland; obtaining all necessary land division approvals; obtaining all necessary municipal and zoning approvals from the City of Franklin;  satisfying itself that the Land has or can be provided with storm sewer or surface drainage, sanitary sewer, water, and other utilities; obtaining and providing access to SA from the appropriate authorities access to the Land off South 27th Street; obtaining bankruptcy court approval of the Sale Agreement.

(e)      *Closing Date*.  Under the Sale Agreement, the Debtor is obligated to close on or before January 9, 2015.

## Relief Requested and Legal Justification for It.

7.     In this Motion, the Debtor is requesting an order that will authorize it to sell the Land to SA on the terms and conditions of the accepted Offer to Purchase. The terms of the sale represent the result of arms' length, extensive negotiations that began prior to the Petition Date, and were only recently concluded. The proposed transaction will provide over $1.3 million of unencumbered cash proceeds to the estate, for payment of administrative expenses and ultimate distribution to creditors.

8.     The statutory basis for the requested relief is § 363(b) of the Code, which provides that a debtor in possession "after notice and a hearing" may sell or lease property of the estate "other than in the ordinary course of business."[1]

9.     Based on title reports, and otherwise to the best of the Debtors' knowledge, there are no mortgages or other liens against the Land. Thus, the restrictions in Code § 363(f) do not apply to this proposed sale.

10.     The Debtor is a corporation "that is not a moneyed business [or] commercial corporation." As such, § 363(d)(1) requires that any sale of the Debtor's assets be "in accordance with nonbankruptcy law applicable to the transfer of property by" such a debtor – *i.e.*, any restrictions that might ordinarily limit a nonprofit entity's ability to transfer its assets to a for-profit enterprise. The Debtor is not currently aware of any such nonbankruptcy law applicable to this transaction.

---

[1] Code § 102(1)(A) clarifies that "after notice and a hearing" means notice and "such opportunity for a hearing as is appropriate in the particular circumstances." If no party in interest timely requests a hearing, none is required. Code § 102(1)(B).

WHEREFORE, the Debtor requests an order that authorizes it to sell the Land to 2014-27[th] Street Acquisition, LLC on the terms and conditions of the accepted Offer to Purchase, and grants such further relief as the Court deems just and appropriate.

Dated this 17th day of October, 2014.

LEVERSON LUCEY & METZ S.C.

/s/     Paul A. Lucey
Paul A. Lucey
Olivier H. Reiher
Attorneys for The Young Men's Christian
Association of Metropolitan Milwaukee, Inc.
3030 W. Highland Blvd
Milwaukee, WI 53208
(414) 539-4266 (direct)
(414) 271-8504 (fax)